# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **THOMAS B. GLANDON,** | : | **Civil Action 2:15-cv-02975** |
|  | : |  |
| **Plaintiff,** | : | **JUDGE ALGENON L. MARBLEY** |
|  | : |  |
| **v.** | : | **Magistrate Judge Jolson** |
|  | : |  |
| **COMMISSIONER OF** | : |  |
| **SOCIAL SECURITY,** | : |  |
|  | : |  |
| **Defendant.** | : |  |
|  | : |  |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Attorney's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 20). For the reasons set forth below, Plaintiff's Motion for Attorney Fees is **GRANTED.**

## I.     BACKGROUND

On November 5, 2015, Thomas B. Glandon filed suit against the Commissioner of Social Security seeking a reversal of the Commissioner's determination that Plaintiff was not entitled to disability benefits, and an award of annual and past due benefits. (ECF Nos. 1, 9). On April 21, 2016, this Court reversed the decision of the Commissioner denying Plaintiff benefits and remanded the action to the Commissioner of Social Security for further proceedings. (ECF No. 16). On remand, Plaintiff was awarded $166,064.00 in past due benefits, with $41,516.00, or 25% of the award, withheld for attorney's fees. (ECF No. 20 at 1). Plaintiff's attorney now comes before the Court seeking attorneys' fees in the amount of $10,950 for the 21.90 hours of work representing Plaintiff in this Court. Plaintiff has additionally requested $15,250 from Social Security for his 61 hours of work on the administrative proceedings under 42 U.S.C. § 406(b) of

the Social Security Act.  (ECF No. 20).  Plaintiff's attorney also seeks to refund the EAJA fee amount of $3,600 to Plaintiff directly, upon payment of the § 406(b) fees.  (ECF No. 20.)

## II.    LAW AND ANALYSIS

In cases in which a Plaintiff is represented in federal court and receives a favorable judgment, the court may award a reasonable fee for an attorney's representation.  42 U.S.C. § 406(b).  If awarded, the attorneys' fees are to be paid out of a plaintiff's past-due benefits.  42 U.S.C. § 406(b).  Federal courts review such requests for attorney fees under §406(b) for reasonableness, acting "as an independent check" and seeking to ensure "reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  This review should be based on "the character of the representation and the results achieved."  *Id.* at 808.  Although "§406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court . . . [,] [a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Gisbrecht*, 535 U.S. at 807 (citing § 406(b)(1)(A)).

Attorneys representing social security claimants in both administrative and judicial proceedings "may separately receive fees for both representations, meaning the attorney may receive total fees exceeding twenty-five percent of the claimant's benefits award."  *Booth v. Commissioner of Social Sec.*, 645 F. App'x 455, 457 (6th Cir. 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262–63 (6th Cir.1994))).  The Sixth Circuit has additionally limited instances in which courts should reduce fees to two circumstances: "(1) those occasioned by improper conduct or ineffectiveness of counsel; and (2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989).  Accordingly, twenty-

five percent fee contracts "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez* at 746.

In the present case, Plaintiff's attorney is entitled to a fee award as the representative responsible for Plaintiff obtaining a favorable judgment following his appeal in this Court. *Gisbrecht*, 535 U.S. at 795. Based on Plaintiff's contingency agreement, the Commissioner of Social Security withheld $41,516, or twenty-five percent of Plaintiff's past-due benefits award. (ECF No. 20 at 2). This Court is tasked with evaluating the reasonableness of counsel's request for a fee award of $10,950.00 for the 21.90 hours spent representing Plaintiff in this Court. This request represents a rate of $500 per hour for his work in this case. Plaintiff's counsel contends that this award is reasonable when taking into account his unique qualifications, extensive prior experience, the considerable risk taken in representing Plaintiff, and the challenging nature of the case. (ECF No. 20 at 4–6).

The Sixth Circuit has held that "a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes v. Secretary of Health & Human Services*, 923 F.2d 418, 422 (6th Cir. 1991). When the calculated hourly rate is more than twice the standard rate, "the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes* at 422. In downtown Columbus, the median hourly rate for legal work is $275 and the median rate for work on Social Security cases in Ohio is $250. (ECF No. 20-8 at 2-3). A doubling of the standard rate would be $550 for a firm located in downtown Columbus, and $500 per hour for a Social Security case adjudicated in Ohio.

In the present case, Plaintiff's counsel has requested a rate of $500 per hour which is equal to the floor calculated in the present case and is less than double the normal billing rates of between

$300 and $450 for Plaintiff's counsel and Plaintiff's counsel's firm. (ECF No. 20-7). The hourly rate requested by Plaintiff's counsel is reasonable in light of counsel's excellent results, the skill and experience of counsel, and his significant effort in the present case. *See, e.g.*, *Iery v. Commissioner of Social Security*, Case No. 3:16-CV-158, 2019 WL 1856278, at *1 (S.D. Ohio Apr. 25, 2019) (approving hypothetical hourly rate of $530.22); *Bush v. Commissioner of Social Security*, Case No. 3:16-CV-298, 2019 WL 1300311, at *2 (S.D. Ohio Mar. 21, 2019) (approving hourly rate of $599.00); *Barrett v. Commissioner of Social Security*, Case No. 3:16-CV-158, 2018 WL 4846263, at *2 (S.D. Ohio Oct. 5, 2018) (approving hourly rate of $656.20).

Additionally, neither of the two circumstances provided by the Sixth Circuit that permit the reduction of fees exist in the present case. Plaintiff counsel's representation of his client was neither improper or ineffective. On the contrary, Plaintiff's counsel appears to have done an admirable job in the representation of his client both in this Court and at the administrative level. Moreover, the requested amount of $10,950.00 is not excessive and does not constitute a windfall, nor does it appear that Plaintiff's counsel expended minimal effort in his representation of Plaintiff in this case. Therefore, the requested award for attorney's fees totaling $10,950.00 for 21.90 hours at $500 per hour satisfies the requirements of 42 U.S.C. § 406(b) and is a reasonable award.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees is **GRANTED.** Plaintiff's attorney will receive $10,950 of the past-due benefits award as compensation for his services related to the proceedings in this Court and will refund the EAJA fee amount of $3,600.00 to Plaintiff.

**IT IS SO ORDERED.**

    <u>s/ Algenon L. Marbley</u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  July 22, 2019**